UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MR. GATOR J. MITCHELL                      CIVIL ACTION

VERSUS                      NUMBER: 17-9298

R.C.C. WARDEN TANNER, ET AL.                      SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Mr. Gator J. Mitchell, against Defendants, Warden Tanner, Sergeant Harris, Sergeant Christian Foster, and Major Crawford, all of the Rayburn Correctional Center ("RCC") in Angie, Louisiana.

Plaintiff is an inmate of RCC who is incarcerated there following his conviction of some unidentified crime on May 12, 2016. (Rec. doc. 1, p. 3). As his statement of claim herein, Plaintiff alleges, in a wholly conclusory fashion lacking in factual specifics, that he has been subjected to cruel and unusual punishment, sexual harassment, and violations of the Americans with Disabilities Act ("ADA") in that he has been refused proper medical services for some unenumerated condition(s), as well as retaliation by RCC staff. (*Id.* at p. 4). Plaintiff seeks some $350,000.00 in damages. (*Id.*).

As noted earlier, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 3). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned

Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity(ies) in which the named Defendants are being sued. In that regard, "[w]hen a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "To the extent that [P]laintiff is seeking monetary damages against the [D]efendants in their official capacities, any such claim clearly must be dismissed." *Stewart v. Warner*, No. 13-CV-4759, 2014 WL 3498165 at *3 (E.D. La. Jul. 15, 2014). "The [D]efendants in this case are state employees working at the B.B. 'Sixty' Rayburn Correctional Center, a prison operated by the Louisiana Department of Public Safety and Corrections." *Id.* With respect to such individuals, the law is clear that "[s]tate employees sued in their official capacities for monetary damages simply are not considered [to be] 'persons' subject to suit under 42 U.S.C. §1983.'" *Id.* (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989)(and other cases). As the Court in *Stewart* also observed, "[a]dditionally, because a claim against a state employee in [his or] her official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment." *Id.* (citing *Williams v. Thomas*, 169 Fed.Appx. 285, 286 (5th Cir. 2006)(and other cases)). In light of these authorities, any §1983 claim against the Defendants in their official capacity should be dismissed pursuant to §1915(e)(2)(B)(i) and (ii). *Stewart*, 2014 WL 3498165 at *3.

Construing Plaintiff's allegations as having been made against the named Defendants in their individual capacity, Mitchell fares no better. Despite being prompted by the

instructions in the §1983 complaint form that he submitted to "[s]tate here as briefly as possible the facts of your case" and to "[d]escribe how each defendant is involved" (rec. doc. 1, p. 5), Plaintiff presented no factual allegations that specifically illustrate how each of the named Defendants allegedly violated his constitutional rights, a necessary requirement in a civil-rights cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "To state a cause of action under §1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(emphasis added)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, supervisory officials like the Warden cannot be held liable for civil-rights violations allegedly committed by their associates based on a theory of strict or vicarious liability. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985). The conclusory allegations set forth by Plaintiff in his complaint fail to provide the required level of illumination describing precisely how the named Defendants allegedly violated his constitutional rights, absent which there is no basis upon which to hold them liable in their individual capacity. *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2. 2006)(citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).

   Finally, as Plaintiff makes no showing of having suffered a physical injury at RCC, his request for compensatory damages is not tenable here, as damages for mental or emotional injury suffered are not recoverable under §1983. 42 U.S.C. §1997e(e); *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this 25th day of September, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4